Gary Odom
123 NW 12th Avenue, #1545
Portland, OR 97209
gary@patenthawk.com

FILED'10 FEB 05 12:24usoc-orp

January 27, 2010

By email: dawn_stephens@ord.us.courts.gov

Hon. Michael W. Mosman
U.S. District Court
1000 SW 3rd Avenue, Suite 1615
Portland, OR 97204

### Re: Odom v. Microsoft (CV 09-230-MO)
### Odom v. Autodesk (CV 309-236-MO)

Dear Judge Mosman:

The patent asserted in the above cases represents years of work developing the skills to invent the technology claimed, and then navigating the patent laws to obtain patents. They represent a substantial investment of my life and my family's savings. The decision to assert my patent in these cases was made only after experienced counsel committed to me, in writing, that they would prosecute my case through trial, and that they would do so irrespective of interim compensation.

Unfortunately, my attorneys, headed by Ed Goldstein of Goldstein Faucett & Prebeg, were only interested in a quick and easy settlement, and did not give the case anywhere near the attention it required. Among other things, their failure to meet the court-ordered deadline for expert reports, and lack of preparation for a crucial claim construction hearing, is evident from the record.

When it became apparent during mediation that the case would have to be litigated on the merits, Goldstein made an immediate departure, which, by all appearances, was premeditated. My attorneys' withdrawal was a violation of duty, as well as an abject breach of contract. Further, Goldstein's recitation to this Court of private correspondence between myself and my attorneys was itself a gratuitous violation of their duty of confidentiality.

All of my attorneys were permitted to withdraw over my objections, including local counsel, who at the claim construction hearing assured the Court that they would be willing to take over in the event Goldstein withdrew.

My attorneys' failings and the timing of their withdrawal has made securing new counsel exceedingly difficult. This difficulty has been exacerbated by the short window of opportunity granted me to secure replacement counsel. I have been told repeatedly by potential new counsel that a few short weeks is not sufficient time for them to conduct the required due diligence

(including analysis of my patent and the related prosecution histories, as well as relevant prior art, previous events and orders in the case, damages assessment, etc.) necessary to step in as counsel of record, in a case against industry giants. The easiest course has been to decline, despite the temptation of my having legitimate claims, which most firms I approached quickly confirmed as likely. At least two attorneys at different firms were willing to take up my cause, but were unable to secure approval from their respective firms' approval committee, because they had not had sufficient time to comprehend and develop adequate answers to the invariable hard questions regarding numerous facets of the cases in suit.

I mention these events as context, not because Microsoft or Autodesk or the Court has any responsibility for my attorneys' failures. Nor should any party or the Court be prejudiced by those failures. What I am respectfully requesting is the opportunity to protect one of my life's valuable works – to adjudicate my patent on its merits, and not solely on the failings of my attorneys.

The Court has already indicated its unwillingness to grant a further stay, and my prospects have lessened for finding new counsel given the dynamics extant. In absence of a stay, I find myself in a situation I could not have imagined, nor would have set myself up for: the prospect of simultaneously tackling not one, but two, patent suits, *pro se*, on tight schedules, myself not legally trained, ignorant of many critical aspects of litigation procedures, and with sorely inadequate resources at my disposal. Such a legal Herculean task far exceeds my grasp. Therefore, my only sane option is to motion the Court for dismissal without prejudice.

Respectfully submitted,

Gary Odom

cc:   Mr. Joseph Micallef (by email)
      Mr. Matthew Bathon (by email)
      Mr. William Birdwell (by email)
      Mr. Robert Newell (by email)
      Mr. Joel Freed (by email)
      Mr. Steven Shahida (by email)
      Mr. Michael Farnell (by email)
      Ms. Emily Nazarov (by email)