Gary Odom
123 NW 12th Avenue, #1545
Portland, OR 97209
gary@patenthawk.com

February 1, 2010

FILED' 10 FEB 05 15:01 USDC-ORP

By email: dawn_stephens@ord.us.courts.gov

Hon. Michael W. Mosman
U.S. District Court
1000 SW 3rd Avenue, Suite 1615
Portland, OR 97204

    **Re: Odom v. Microsoft (CV 3:09-230-MO)**
          **Odom v. Autodesk (CV 3:09-236-MO)**
          **Odom v. Attachmate et al (CV 3:09-406-MO)**

Your Honor:

    This letter is submitted in reply to Microsoft's response letter of January 29, 2010.

    Microsoft's primary objection to dismissal without prejudice is an alleged cloud over its head. But Microsoft's conduct indicates that it believes it has clear skies. Despite my expressed willingness to resolve the claims raised in this case – during mediation and throughout this litigation – Microsoft has refused any course of action other than war-of-attrition litigation.[1] Microsoft has provided no evidence that its customers are aware of this lawsuit, or that this suit has had any impact whatsoever on Microsoft's business.

    Microsoft also argues that dismissal without prejudice would create uncertainty as to its next generation Office products. This is a red herring. Microsoft's next-generation Office products have never been accused of infringement in this case. Dismissal of this case – with or without prejudice – will not address infringement of products still under development and not yet on the market.

---

[1] During the course of this litigation, Microsoft has repeatedly launched scurrilous personal attacks against me, and does so again in its dismissal reply. If there were any truth to Microsoft's accusations, they could have been brought forth early on and the case readily dismissed because of them. Yet Microsoft has not put this before the Court simply because Microsoft's accusations are indefensible. I shall not dignify Microsoft's fabrications with response.

Against these claims of phantom prejudice weigh the harm dismissal with prejudice would cause me and my family: complete loss of property rights as to claims raised in this case. Those property rights will never have been adjudicated on the merits, but will be lost simply because my counsel chose to abandon me at a critical moment in time. For these reasons, I have not requested, nor have I consented to, a dismissal with prejudice. However insensible, proceeding pro se – with all its attendant risks and challenges – seems preferable to an outright abandonment of rights.[2]

There appears to be significant common ground as to dismissal without prejudice in the Microsoft case. Microsoft has proposed that a dismissal without prejudice be conditional. With clarification, adhering to sensible consideration of the law, conditional dismissal without prejudice based on Microsoft's proposed conditions is acceptable to me.

In this regard, I emphasize that I seek dismissal without prejudice, not because I wish to transfer venue (on the contrary), or pretend that the events to date never happened, but only because my counsel abandoned me at a critical moment, leaving me no other viable option.

The only substantive ruling by the Court in the Microsoft case is for claim construction, which is a matter of public record, and so would find its way into any succeeding litigation where it has relevance.[3]

I find Microsoft's proposed conditions reasonable, and only ask that they be clarified as follows:

- ✓ Any imposed conditions should apply only to the patent-in suit, not "related patents," which are not defined and likely could not be defined. This suit never addressed "related patents."

- ✓ There should be no condition on injunctive relief or any enhanced remedy in a subsequent lawsuit. Dismissal without prejudice in this case becomes a matter of public record, which the Court may consider in a future case. But a blanket bar of remedies without considering all relevant facts and circumstances is unwarranted.

- ✓ A conditional award of costs for this suit should apply only if Microsoft prevails in subsequent litigation, and only at the Court's discretion at the time. This is entirely consistent with Microsoft's condition, with which I agree, that "all proceedings in this case up to the date of dismissal automatically become proceedings in any future case brought on the patent-in-suit."

---

[2] In this regard, Microsoft indicated its intention to proceed with a declaratory relief action even after the court dismisses my claims. While this may be possible in a technical sense, my request for dismissal was based on the assumption that the entire case would be dismissed. If Microsoft wishes to proceed on its counterclaims no matter what, then it hardly makes sense to discuss dismissal of my claims, as I will have no choice but to proceed pro se in any case.

[3] Microsoft attempts to distort reality by conjecturing: "In fact the claim construction was so damaging to Mr. Odom's case that he felt compelled to move the Court, unsuccessfully, for reconsideration." In fact, my motion for reconsideration was to further develop the record. Whatever my opinion of the legal correctness of the present claim construction, I have not considered it damning to my case. Nor should Microsoft's theories on the import of the claim construction influence the nature of the dismissal.

The Autodesk and Attachmate cases are in a much different posture than Microsoft. These cases have almost no history: no discovery has been done, and there has been no motion practice or rulings. As such, dismissal with prejudice, or imposing conditions on dismissal without prejudice, would be unfair in these cases.

In addition to the Autodesk case, my respectful motion for unconditional dismissal without prejudice is extended to CV 3:09-406-MO, Odom v. Attachmate et al.

Respectfully submitted,



Gary Odom


cc:  Mr. Joseph Micallef (by email)
    Mr. Matthew Bathon (by email)
    Mr. William Birdwell (by email)
    Mr. Robert Newell (by email)
    Mr. Joel Freed (by email)
    Mr. Steven Shahida (by email)
    Mr. Michael Farnell (by email)
    Ms. Emily Nazarov (by email)