Gary Odom
123 NW 12th Avenue, #1545
Portland, OR 97209
gary@patenthawk.com

February 3, 2010

FILED'10 FEB 05 15:01 USDC-ORP

By email: dawn_stephens@ord.us.courts.gov

Hon. Michael W. Mosman
U.S. District Court
1000 SW 3rd Avenue, Suite 1615
Portland, OR 97204

  **Re: Odom v. Microsoft (CV 3:09-230-MO)**
   **Odom v. Autodesk (CV 3:09-236-MO)**
   **Odom v. Attachmate et al (CV 3:09-406-MO)**

Your Honor:

  This letter is in reply to Autodesk's letter of February 2, 2010.

  The Autodesk suit has hardly begun. Autodesk concedes that its case is "in a somewhat different procedural posture." Yet Autodesk seeks to exploit the situation by essentially arguing that its posture is the same as Microsoft. By contrast, my goal has been to preserve my property rights while seeking that no party is harmed by dismissal or gains an unfair advantage from precipitating events over which I had no control.

  While asking for dismissal with prejudice, Autodesk has not identified any equitable disadvantage it would suffer from dismissal without prejudice.

  Autodesk asks the Court to preemptively limit the permissible range of remedies for patent infringement without evidence or any assessment of merit.

  Autodesk failed to convey why "related patents" should automatically be bound by the terms of dismissal in this case, simply because they share a specification or a portion thereof with the patent-in-suit. In particular, Autodesk has not explained how the Court has jurisdiction over patents not asserted, not issued by the Patent Office, or even filed, where no dispute has arisen.

Autodesk accuses me of being wrong on the law regarding costs, then turns around to mislead the court. Autodesk casts Federal Rule of Civil Procedure 41(d)[1] as mandating an award of costs upon a defendant's request ("a party may recover its costs from a prior suit..."). This is simply not true. An award of costs under Rule 41(d) is at the Court's discretion, appropriate to circumstance. Context is important. This is not a case where a plaintiff is abusing the judicial system. I would like nothing more than to pursue these cases right now. I respectfully submit that Rule 41(d) be applied at the appropriate time, which is not at present. At a minimum, there should be no decision as to costs at least until a subsequent case is filed. Indeed, that is what Rule 41(d) requires.

Respectfully submitted,

G—

Gary Odom

cc: Mr. Joseph Micallef (by email)
    Mr. Matthew Bathon (by email)
    Mr. William Birdwell (by email)
    Mr. Robert Newell (by email)
    Mr. Joel Freed (by email)
    Mr. Steven Shahida (by email)
    Mr. Michael Farnell (by email)
    Ms. Emily Nazarov (by email)

---

[1] FRCP 41(d) Costs of a Previously Dismissed Action. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.